UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JUAN CARLOS RUIZ,

      Petitioner,

v.                                        Case No. 2:16-cv-255
                                          HON. GORDON J. QUIST

KATHY OLSEN,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Juan Carlos Ruiz, filed this petition for writ of habeas corpus challenging his jury conviction for arson of a dwelling house, conspiracy to commit arson, arson of insured property, using a computer to commit a felony, and perjury.  Petitioner was sentenced to terms of imprisonment of 5 to 20 years on each conviction: arson of a dwelling house, conspiracy to commit arson, arson of insured property, and using a computer to commit a felony.  Petitioner received a 5 to 15 year prison term for perjury.  Respondent has filed a motion to dismiss the petition due to Petitioner's failure to exhaust each of his claims in the state courts (ECF No. 7).  Petitioner has not responded.

      Petitioner alleges that:

      I.  He seeks standing to challenge search that violates codefendant's constitutional rights.

      II.  Screen shots of admitted evidence were taken prior to execution of warrant.

      III.  Michigan Court of Appeals decided that a defendant does not have "absolute right to remain silent."

      IV.  Prosecution did not identify ten or more victims needed to score 25 points for OV 9.

Respondent argues that Petitioner never exhausted claims I or II. Further, Petitioner admitted in his petition that he did not exhaust claims I or II. Therefore, petitioner has presented to the Court a mixed petition which includes exhausted and unexhausted claims.

A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that a district court must dismiss a habeas corpus petition containing unexhausted claims if state remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-36. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

It appears that one avenue of relief, known as the "Motion for Relief from Judgment," remains open to Petitioner. *See* MCR 6.501 - 6.509. Respondent has asserted that Petitioner never filed a motion for relief from judgment. The Motion for Relief from Judgment is a Michigan prisoner's

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). However, the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922, 112 S. Ct. 1299 (1992). *See also, Barker v. Yukins*, 993 F. Supp. 592, 596 (E.D. Mich. 1998); *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9, 109 S. Ct. 1038, 1043 n.9 (1989).

exclusive means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, has unsuccessfully sought leave to appeal, or was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment.  See MCR 7.205(F)(3); Staff Comment to MCR 6.501.  The proceedings are commenced by filing a motion in the same court from which the conviction arose, setting forth the grounds for the relief requested.  MCR 6.502-503.  If it plainly appears from the face of the materials filed that the defendant is not entitled to relief, the court may deny the motion without further proceedings.  Rule 6.504(B).  If the motion is not summarily dismissed in this manner, the court orders the prosecuting attorney to answer and conducts such other proceedings as are required.  *Id.*  The court may not grant relief on grounds which were previously decided against the defendant in a prior appeal or motion for relief from judgment, or where the grounds for relief (other than jurisdictional defects) could have been raised on appeal from the conviction or prior motion for relief from judgment, unless "good cause" and "actual prejudice" or "actual innocence" are demonstrated.  MCR 6.508(D).  A defendant may seek leave for appellate review of any adverse ruling in the Michigan Court of Appeals.  MCR 6.509.

The Michigan collateral remedy offers review of previously unexhausted claims using a standard nearly identical to that which would be applicable upon review in this court.  The circumstances under which a person can obtain review of the merits under MCR 6.500, et. seq., are limited.  In fact, where the movant failed to raise the issues in an earlier appeal, as did the Petitioner in this case, the grounds are identical, or nearly identical, to those under which a federal habeas petitioner who has procedurally defaulted a claim under state law can obtain federal habeas corpus review.  *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497 (1977).  Under *Wainwright v. Sykes*, and its progeny, a federal court is barred from considering a claim which the state courts consider procedurally defaulted unless petitioner is able to show "cause and prejudice" or a "miscarriage of justice."  *See e.g., Harris*

*v. Reed*, 489 U.S. 255, 258, 109 S. Ct. 1038, 1040-41 (1989).[2] Similarly, the Michigan remedy allows for review only where the petitioner can show "good cause" for the procedural default and "actual prejudice" or "actual innocence."  MCR 6.508(D).

Since the burden of proof is identical in either proceeding, the outcome in the state proceeding is no more "predetermined" than the outcome on federal review.  *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1059-60 (1989).  Accordingly, in the opinion of the undersigned, the Michigan remedy is just as "available" as the federal habeas remedy.  Since the standard of review in the state courts is identical to that which would be applied by this court, resort to the Michigan remedy cannot be any more "futile" than resort to this court is.  Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted.  In the opinion of the undersigned, such circumstances exist here.

There is an issue as to whether Petitioner has enough time to return to the state courts to exhaust his claims before the federal habeas statute of limitations period expires.  The Michigan Supreme Court issued its opinion affirming the Michigan Court of Appeals on October 28, 2015.  This petition was filed on November 17, 2016.  Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during

---

[2] For discussion of the terms "cause and prejudice" and "miscarriage of justice," the Court in *Harris v. Reed*, 489 U.S. at 258, n. 2, 109 S. Ct. at 1041, n. 2, refers the reader to *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639 (1986) and *Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661 (1986).  The term "miscarriage of justice" has been interpreted to mean "factual innocence."

4

the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on **October 28, 2015**. Although, it appears that Petitioner did not petition for certiorari to the United States Supreme Court, the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on **January 26, 2016**. Accordingly, Petitioner had one year, until **January 26, 2017**, in which to file his habeas petition. Petitioner filed the instant petition on **November 17, 2016**, **Seventy** days before expiration of the limitations period.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[3] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. (Petitioner had seventy days left to file a

---

[3] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

5

habeas petition at the time his petition was filed on November 17, 2016. However, the instant petition did not toll the statute of limitations period. If the Court dismisses the petition, Petitioner would be foreclosed from asserting his claims in federal court). Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, it is recommended that Respondent's motion to dismiss the petition (ECF No. 7) be denied. It is further recommended that the Court issue an order providing that if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*,

544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   October 26, 2017                        /s/ Timothy P. Greeley
                                                TIMOTHY P. GREELEY
                                                UNITED STATES MAGISTRATE JUDGE